UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY L. FOWLER,

        Plaintiff,

                                        Case No. 09-10272
v.                                 Honorable Julian Abele Cook, Jr.

TYNDALE PUBLISHING HOUSE,

        Defendant.

ORDER

In this case, the *pro se* Plaintiff, Bradley L. Fowler,[1] contends that the Defendant, Tyndale

Publishing House ("Tyndale Publishing"), violated his rights under the First, Eighth, Ninth, and

Fourteenth Amendments to the United States Constitution when it published the King James Bible

which included the word, "homosexual" within its text.[2]

Fowler filed his complaint with the Court on January 26, 2009. On April 6th, he submitted

a request to the Clerk for the entry of a default pursuant to Fed. R. Civ. P. 55(a).[3] Four days later,

his request was rejected because he had failed to provide the Clerk with any admissible evidence

that Tyndale Publishing had been served with the pertinent documents in this case (i.e., a summons

and a copy of the complaint). On April 15th, Fowler filed (1) a motion for default judgment and (2)

---

[1] On March 6, 2009, the Court granted Fowler's application to proceed *in forma pauperis*.

[2] A cursory examination of the complaint suggests that Fowler has also accused Tyndale Publishing of fraud, misrepresentation, defamation, negligence, as well an unspecified intentional tort.

[3] Fed. R. Civ. P. 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

a motion for summary judgment. As of this date, there is no indication that he has served Tyndale

Publishing with a copy of either motion.[4]

I.

Fowler's request for the entry of a default is governed by Fed. R. Civ. P. 55(a) and E.D.

Mich. LR 55.1.[5]  The entry of a default by the Clerk under Fed. R. Civ. P 55(a) is separate and

distinct from the entry of a default judgment under Fed. R. Civ. P. 55(b).[6]  *Northland Ins. Co. v.*

*Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D. Mich. 2000) (citing *United States v. Topeka Livestock*

*Auction, Inc.*, 392 F. Supp. 944, 950 (N.D. Ind. 1975)).  "The entry of default is the first procedural

step necessary in obtaining a default judgment." *McDonald v. De Kalb Federal Sav. & Loan*, 1987

U.S. App. LEXIS 6272 at *2 (6th Cir. May 13, 1987); *see also Epicentre Strategic Corp. - Mich.*

*v. Cleveland Constr.*, 2007 U.S. Dist. LEXIS 15971, at *28 (E.D. Mich. Mar. 7, 2007)(entry of

default under Rule 55(a) is "a condition precedent to the entry of default judgment under Rule

55(b)"); *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998) (entry of default by

the Clerk under Rule 55(a) "must precede grant of a default judgment under Rule 55(b)").


Here, the Court notes that Fowler has filed his motion for default judgment without obtaining

the entry of a default from the Clerk.  When Fowler failed to obtain his requested relief from the

---

[4]This failure by Fowler to provide Tyndale Publishing with copies of these motions may account for its failure to respond to his allegations.

[5] E.D. Mich. LR 55.1 specifies the information that should accompany a request for entry of default and provides a form from the Clerk's office.

[6] Except in cases where Fowler's claim is for a "sum certain or a sum that can be made certain by computation," he  must "apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(1), (2).

Clerk, he - perhaps, unwittingly -  failed to satisfy the necessary precondition to obtaining a grant

of a default judgment from the Court.  Accordingly, his request must be, and is, denied.

II.

Fowler's motion for the entry of a summary judgment which was filed before Tyndale

Publishing was served with process is  "extremely premature*."  Herbert v. United States Dep't of*

*Educ.*, 2007 U.S. Dist. LEXIS 93414, at \*2 (E.D. Mich. Oct. 4, 2007) (quoting *Harold Wayne Ctrs.*

*v. Brenda Lee Ctrs.*, 2004 U.S. Dist. LEXIS 26678, at \*7 (E.D. Tenn. Nov. 16, 2004)).  "The Court

cannot grant summary judgment against defendants who have not been served with process."

*Harold Wayne Ctrs.,* 2004 U.S. Dist. LEXIS 26678, at \*7-8.

Accordingly, until such time as Fowler provides the Court with evidence that Tyndale

Publishing was given an opportunity to receive and respond act to the allegations within his pleading

papers, this request for summary judgment relief is - at the very least - premature and must be denied

without prejudice.

III.

Service of the summons and complaint are governed by Fed. R. Civ. P. 4(c)(1) which states,

in relevant part: "The plaintiff is responsible for having the summons and complaint served within

the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes

service."  Fed. R. Civ. P. 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court -
> on motion or on its own after notice to the plaintiff -  must dismiss the action without
> prejudice against that defendant or order that service be made within a specified
> time.  But if the plaintiff shows good cause for the failure, the court must extend the
> time for service for an appropriate period.

Thus, "absent a showing of good cause" for failure to serve the defendant within 120 days under

3

Rule 4(m), a court is compelled to dismiss a plaintiff's action.  *Byrd v. Stone*, 94 F.3d 217, 219 (6th

Cir. 1996); *Abel v. Harp*, 122 Fed. Appx. 248, 251 (6th Cir. 2005).[7]

In this case, Fowler's complaint was filed on January 26, 2009 - well over 120 days ago.

Inasmuch as (1) he has appeared in this litigation without the benefit of counsel and (2) the Clerk

informed him on April 10th that his attempt to serve Tyndale Publishing was inadequate, the Court

will decline to dismiss this lawsuit for failure to effect service within the requisite 120 days period,

as mandated by Fed. R. Civ. P. 4(m).  Therefore and under these circumstances, Fowler  is directed

to serve  Tyndale Publishing with a summons and a complaint, in accordance with the Federal Rules

of Civil Procedure within a period of thirty days from the date of this order..

IV.

Accordingly and for the reasons that have been mentioned above, the Court does deny

Fowler's  (1) motion for a default judgment, (2) motion for summary judgment.  In addition, Fowler

is directed to effect service upon Tyndale Publishing within a period of thirty (30) days from the date

of this order.

IT IS SO ORDERED.


Dated: <u>August 12, 2009</u>                                    <u>S/Julian Abele Cook, Jr.</u>
          Detroit, Michigan                                   JULIAN ABELE COOK, JR
                                                              United States District Court Judge

---

[7] Pursuant to Fed. R. Civ. P.  4(c)(3), if a plaintiff who is proceeding *in forma pauperis*
requests that the Court effect service on the defendant, the Court "must so order."  However, in
this case, the Plaintiff did not make this request.

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 12, 2009.


<u>s/ Kay Doaks</u>
Case Manager